IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDDIE LEE HOWARD, JR.                                               PETITIONER

V.                                           CIVIL ACTION NO.: 3:07CV10-P

CHRISTOPHER EPPS, ET AL.                                          RESPONDENTS

## ORDER DENYING PETITIONER'S *PRO SE* MOTION

Presently before the Court is Petitioner's "Interlocutory Omnibus Motion to Compel Discovery; Motion to Strike; Motion for Summary Judgment and Motion for Relief from the Judgment," which Petitioner has filed *pro se*.[1] Respondents have filed a response to the motion, to which Petitioner has replied. The Court denies all relief requested in the motion for the reasons that follow.

On January 25, 2007, this Court granted Petitioner's request for counsel and appointed two attorneys, Elizabeth Carlyle and Kenneth Coghlan, to assist him in his federal habeas proceedings. At that time, the Court also set deadlines in the case. Within two weeks of the time counsel was appointed for him, Petitioner filed a *pro se* motion for an evidentiary hearing in this case. The Court considered the merits of that motion and denied it. Petitioner filed subsequent *pro se* motions requesting various relief on February 7, 2007; December 5, 2007; July 2, 2008; and he filed a *pro se* exhibit with the Court on March 13, 2008. The Court entered an order on the merits of each of Petitioner's *pro se* motions. In August of 2008, Mr. Coghlan moved to withdraw as Petitioner's attorney based upon Ms. Carlyle's concern that he might have a conflict of interest, and Petitioner filed a motion that requested that Mr. Coghlan be allowed to withdraw.

---

[1] Docket entry no.64.

The Court granted the request, and it also granted Ms. Carlyle's request that substitute counsel be appointed to assist her. Counsel subsequently filed a memorandum of law in support of the petition, and Respondents submitted their memorandum in response. Petitioner filed the instant motion on May 13, 2010. Although briefing is not yet complete in this case, it is apparent that the issues Petitioner seeks to bring to the Court's attention through his *pro se* filings are being addressed by the counsel he has asked this Court to secure to assist him.

The Court notes that Petitioner's right to counsel in this proceeding is statutory. *See* 18 U.S.C. § 3599. All parties in United States courts are allowed to "plead and conduct their own cases personally or by counsel. . ." 28 U.S.C. § 1654. In this case, Petitioner moved for and accepted counsel, and he does not have the right to present *pro se* motions on his own behalf. *See Lee v. State of Ala*, 406 F.2d 466, 469 (5th Cir. 1968) (finding habeas petitioner could proceed *pro se* or through counsel, but not both); *see also Smith v. Collins*, 977 F.2d 951, 962 (5th Cir. 1992) (holding that petitioner has no right to "hybrid representation" on appeal). Therefore, the Court **ORDERS** all relief requested in the instant motion to be **DENIED** without prejudice as to the merits. It is **FURTHER ORDERED** that no further *pro se* filings from Petitioner will be accepted by the Court in this case.

**SO ORDERED** this the 28th day of June, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE